UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

GARY WHITE,

                Petitioner,

    -against-

JOSEPH F. BELLNIER,
Superintendent of the Upstate Correctional
Facility,

                Respondent.

-------------------------------------------------------------------- X

09-CV-744 (ARR)

<u>NOT FOR PRINT OR
ELECTRONIC
PUBLICATION</u>

<u>ORDER</u>

ROSS, United States District Judge:

       Petitioner filed the instant action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 3, 2009. Petitioner challenges his July 23, 2003 conviction in the Supreme Court of the State of New York, Kings County, following a jury trial, of Murder in the Second Degree. On September 15, 2003, petitioner was sentenced to a prison term of twenty-two years to life. Petitioner claims: (1) that the state court erred in not suppressing out-of-court custodial statements, and (2) that he was deprived of effective assistance of trial and appellate counsel. (Pet. at 6.) Petitioner acknowledged in his petition that his claims of ineffective assistance of counsel were unexhausted, and sought to have his petition held in abeyance until the exhaustion of his C.P.L. § 440.10 motion and Writ of Error Coram Nobis. (Pet. at 6.) Respondent argues that petitioner's unexhausted claims are "time-barred," and that the petition should be dismissed unless defendant withdraws his unexhausted claims. (Resp.'s Mem. of Law at 2.)

## BACKGROUND

Petitioner challenges his July 23, 2003 conviction in the Supreme Court of the State of New York, Kings County, following a jury trial, of Murder in the Second Degree. On September 15, 2003, petitioner was sentenced to a prison term of twenty-two years to life. On or about October 4, 2006, petitioner, through appellate counsel, perfected petitioner's direct appeal by filing a brief in the New York Supreme Court, Appellate Division, Second Department. (Aff. of Camille O'Hara Gillespie ¶ 11.) Petitioner claimed that the trial court's failure to suppress his post-Miranda statements, which were part of a continuous interrogation not interrupted prior to petitioner's Miranda waiver, violated his federal and state constitutional rights to due process. (Aff. of Camille O'Hara Gillespie ¶ 11.) On May 1, 2007, the Appellate Division affirmed petitioner's judgment of conviction. People v. White, 40 A.D.3d 662 (2d Dep't 2007). Petitioner was granted leave to appeal to the New York Court of Appeals, and through counsel, argued that failure to suppress his custodial post-Miranda statements to the police violated both the federal and state constitutions. On March 20, 2008, the New York Court of Appeals affirmed the order of the Appellate Division. People v. White, 10 N.Y.3d 286 (2008).

Petitioner then sought a writ of certiorari in the United States Supreme Court. In his petition, he claimed that his federal constitutional rights to counsel and due process were violated because the police had not given Miranda warnings before any questioning began, and that Oregon v. Elstad, 470 U.S. 298 (1985), did not justify the state court's failure to suppress his post-Miranda statements to the police. (Aff. of Camille O'Hara Gillespie ¶ 19.) On October 6, 2008, the Supreme Court denied petitioner's cert. petition. Petitioner's conviction thus became final on October 6, 2008, and he had one year from that date to timely file his habeas petition. 28 U.S.C. § 2244(d)(1).

2

Petitioner timely filed the instant action on August 3, 2009, though his papers are dated June 30, 2009. As noted above, petitioner claims: (1) that the state court erred in not suppressing his out-of-court custodial statements, and (2) that he was deprived of effective assistance of trial and appellate counsel. (Pet. at 6.) Petitioner acknowledged in his petition that his claims of ineffective assistance of counsel were unexhausted, and sought to have his petition held in abeyance until the exhaustion of his C.P.L. § 440.10 motion and Writ of Error Coram Nobis. (Pet. at 6.) By order to show cause dated September 1, 2009, I directed respondent to file a response to the petition within sixty days. (Dkt. No. 2.)

On October 8, 2009, defendant moved in New York Supreme Court, Kings Count, to vacate his judgment of conviction pursuant to C.P.L. § 440.10, claiming ineffective assistance of trial counsel on the following grounds: (1) trial counsel failed to challenge petitioner's initial and subsequent arrest as lacking probable cause and the derived statements as being the "fruit of the poisonous tree," (2) trial counsel failed to make a motion in limine to preclude and/or object to the introduction of hearsay evidence; (3) trial counsel failed to conduct pretrial investigations and to produce material exculpatory witnesses; (4) trial counsel conducted cross-examination of prosecution witnesses prejudicially; and(5) trial counsel failed to object at trial to the introduction of defendant's video-taped interview statement invoking right to counsel. (Aff. of Camille O'Hara Gillespie ¶ 19.) The court is not aware whether petitioner filed a Writ of Error Coram Nobis or, if so, what petitioner alleged in his coram nobis petition.

## DISCUSSION

Pursuant to 28 U.S.C. § 2254(b)(1), "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the

courts of the State." 28 U.S.C. § 2254(b)(1)(A). The current petition presents both exhausted and unexhausted claims. When faced with a "mixed petition," courts may (1) dismiss the petition; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims; or (3) deny the petition on the merits pursuant to § 2254(b)(2) notwithstanding the failure of the petitioner to exhaust remedies. Rhines v. Webber, 544 U.S. 269, 277 (2005); see also 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Respondent first argues that petitioner's "unexhausted claims should be dismissed" as time-barred since petitioner did not state the facts supporting his ineffective assistance of counsel claim pursuant to Habeas Corpus Rules 2(c)(2), and because petitioner did not file his C.P.L. § 440.10 motion until two days after the expiration of the one year statute of limitations. Respondent also argues that none of AEDPA's tolling provisions apply to defendant's unexhausted claims.

While petitioner did fail to plead with specificity his claims of ineffective assistance of trial and appellate counsel, such a defect does not affect the timeliness of petitioner's unexhausted claims. As the Court stated in Mayle v. Felix, 545 U.S. 644, 656 (2005), "[a] prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining" whether the court must summarily dismiss the petition without ordering a responsive pleading under Habeas Corpus Rule 4. The rule does not address the repercussions of failure to plead with particularity under the statute of limitations.

Additionally, the fact that petitioner filed his C.P.L. § 440.10 motion two days after the one year statute of limitation expired does not affect the timeliness of the habeas petition itself.

Respondent cites Sorce v. Artuz, 73 F.Supp. 2d 292, 297 (E.D.N.Y. 1999), for the proposition that a C.P.L. § 440.10 motion does not toll the one year statute of limitations when the motion is filed after the statute of limitations has expired. However, in Sorce, petitioner's original petition was dismissed, and the issue before the court was the timeliness of petitioner's second petition. Sorce, thus, stands for the unremarkable proposition that "state court post conviction activity can only serve to toll the statute, it cannot serve to revive [a] period that has already run." 73 F.Supp. 2d at 297.

Similarly, the tolling issues respondent raise speak to the timeliness of the habeas petition itself, not unexhausted claims asserted *within* that petition. Respondent's reliance on Duncan v. Walker, 533 U.S. 167, 181-82 (2001) is misplaced. In Duncan, the Court stated that a petitioner's first habeas petition, when dismissed without prejudice, is not an "application for State post-conviction or other collateral review" for tolling purposes. In this case, petitioner timely filed only one petition in this court which is still pending.

Guidance for the timeliness of pursuing unexhausted claims asserted in the original habeas petition when a stay is requested comes instead from Rhines v. Weber. In Rhines, the Court only stated that "district courts should place *reasonable* time limits on a petitioner's trip to state court and back." 544 U.S. at 278 (emphasis added). Accordingly, I cannot find that petitioner's ineffective assistance of counsel claims should be dismissed on statute of limitations grounds.

However, as respondent notes, the Court in Rhines also cautioned that the "stay and abeyance" option should be "available only in limited circumstances." Id. at 277. The Court stated that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. The Court

also stated that "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. (citing 28 U.S.C. § 2254(b)(2)).

Respondent argues that petitioner cannot show cause for his failure to exhaust state remedies, and that petitioner's claims lack merit. However, petitioner has not addressed the issue of "good cause" for failure to exhaust his state court remedies on his ineffective assistance of counsel claims, nor has he addressed the merits, or lack thereof, of such claims. Petitioner is thus granted thirty (30) days from the date of this order to show: (1) good cause why he failed to exhaust his ineffective assistance of counsel claims prior to filing his petition for a writ of habeas corpus; and (2) address the merits of his ineffective assistance of trial counsel claims so the court can determine whether a stay is warranted under Rhines v. Webber, 544 U.S. 269, 277 (2005). Petitioner is also directed to provide the court with the status of his petition for a Writ of Error Coram Nobis.

## CONCLUSION

For the reasons set forth above, petitioner is granted thirty (30) days from the date of this order to: (1) show good cause why he failed to exhaust his ineffective assistance of counsel claims prior to filing his petition for a writ of habeas corpus; and (2) address the merits of his ineffective assistance of trial counsel claims so the court can determine whether a stay is warranted. Petitioner is also directed to provide the court with the status of his petition for a Writ of Error Coram Nobis.

SO ORDERED.

                                                /S/
                                    Allyne R. Ross
                                    United States District Judge

Dated: April 23, 2010
       Brooklyn, New York

Service List:

**Petitioner: (Pro Se)**
Gary White
03-A-5098
Upstate Correctional Facility
PO Box 2000
309 Barehill Road
Malone, NY 12953

**Respondent:**
Camille O'Hara Gillespie
Office of the Kings County District Attorney
350 Jay Street
Brooklyn, NY 11201